COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ARIEL MARTINEZ, | § | |
| | | No. 08-12-00191-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 120th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20110D00036) |
| | § | |

## O P I N I O N

Appellant, Ariel Martinez, appeals his convictions for one count of aggravated sexual assault of a child and two counts of indecency with a child. We affirm.

## BACKGROUND

Because Appellant does not challenge the sufficiency of the evidence, we restrict our discussion of the testimony and evidence presented at trial. Emilia Solis was a special education teacher at Anthony Elementary School in Anthony, New Mexico. IL was a student in Solis's classroom. IL informed Solis that he needed to discuss a matter with her, and proceeded to make an outcry regarding events that occurred when he went to the restroom at a Big 8 store in Anthony, Texas. IL, who was ten years' old at the time of the events, testified during trial regarding Appellant's acts upon him. IL was later interviewed by a forensic interviewer, Joe Zimmerly, who also testified at trial.

After the jury found Appellant guilty of all three counts, it assessed punishment at ninety-nine years' confinement for aggravated sexual assault of a child (Count I), twenty years' confinement for indecency with a child (Count II), and ten years' confinement for indecency with a child (Count III).

## DISCUSSION

In Issue One, Appellant complains the trial court erred when it overruled his relevancy objection and permitted the State's witness, Zimmerly, to testify that "the child [was] consistent throughout his story." Appellant argues that this testimony "was tantamount to allowing the interviewer to give an opinion that the child was truthful[.]"

We review a trial court's evidentiary rulings under an abuse of discretion standard. *Gallo v. State*, 239 S.W.3d 757, 765 (Tex.Crim.App. 2007)(expert testimony); *Shuffield v. State,* 189 S.W.3d 782, 793 (Tex.Crim.App. 2006)(evidence generally); *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App. 2000)(expert testimony). A trial court abuses its discretion only when its decision lies "outside the zone of reasonable disagreement." *Walters v. State,* 247 S.W.3d 204, 217 (Tex.Crim.App. 2007). When an evidentiary ruling admitting evidence is reasonably supported by the record and is correct under any theory of law applicable to the case, it should be upheld. *See Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex.Crim.App. 2008).

To be admissible, expert testimony must "assist" the trier of fact but must not supplant the jury's decision. *See* TEX. R. EVID. 702; *Schutz v. State*, 957 S.W.2d 52, 59 (Tex.Crim.App. 1997); *Duckett v. State,* 797 S.W.2d 906, 914 (Tex.Crim.App. 1990). An expert's testimony assists the fact finder when the jury is not qualified to "the best possible degree" to intelligently determine the particular issue without the help thereof. *Duckett,* 797 S.W.2d at 914. Expert

testimony that constitutes "a direct opinion on the truthfulness" of a child complainant's allegations does not assist the jury. *Yount v. State,* 872 S.W.2d 706, 708 (Tex.Crim.App. 1993).

The complained-of testimony arises from the State's question to Zimmerly, "Was the child consistent throughout his story?" Zimmerly answered, "Yes, ma'am." Zimmerly did not offer an opinion regarding or otherwise discuss the truthfulness of IL's statements or testimony, the truthfulness of IL's allegations, or the characteristics of child victims as a class. We do not agree with Appellant's assertion that Zimmerly's answer to the State's question constituted a direct or indirect comment on IL's truthfulness or credibility. If we did arrive at that conclusion, however, the error was harmless and did not have a substantial or injurious effect upon the jury's verdict.

In assessing the likelihood that the jury's decision was improperly influenced, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Barshaw v. State*, 342 S.W.3d 91, 94 (Tex.Crim.App. 2011)(citations omitted). We may also consider the trial court's jury instruction, the state's theory, defensive theories, closing arguments, voir dire, and whether the state emphasized the error. *Id.*

We disregard non-constitutional error unless it affects the defendant's substantial rights. *Id*. at 93. In considering the potential to harm, we focus not on whether the outcome of the trial was proper despite the error, but whether the error had a substantial or injurious effect or influence on the jury's verdict. *Id*. at 93-94. If, after examining the record as a whole, we have fair assurance that the error did not influence the jury, or influenced the jury only slightly, we will not overturn a conviction for non-constitutional error. *Id*. at 93. "A conviction must be reversed for

3

non-constitutional error if the reviewing court has grave doubt that the result of the trial was free from the substantial effect of the error." *Id*. at 94. If "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error," grave doubt exists. *Id.*

Having reviewed the record as a whole, we conclude the admission of Zimmerly's testimony did not have a substantial or injurious effect or influence on the jury's verdict or, at most, had but only a slight influence on the jury. *Id*. at 93-94. Among other evidence, the jury heard testimony from IL, IL's sexual-abuse nurse examiner, officer testimony regarding Appellant's own statements to police placing him at the scene, and considered the physical evidence of injury to IL's body and the timeframe for healing therefrom. Zimmerly's complained-of testimony was not reviewed, expanded upon, revisited, or even addressed by the State during closing argument, and was but a small portion of the evidence before the jury. Issue One is overruled.

In Issues Two and Three, Appellant next raises allegations that his trial counsel rendered ineffective assistance. We review ineffective assistance of counsel claims according to the United States Supreme Court's two-pronged *Strickland* test. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Under the first prong, an appellant must show that "counsel's performance was deficient," i.e., that his assistance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88, 104 S.Ct. at 2064. Under the second prong, an appellant must prove prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994); *Johnson v.*

4

*State*, 234 S.W.3d 43, 56 (Tex. App. –El Paso 2007, no pet.). Prejudice is established by showing a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Mallett v. State,* 65 S.W.3d 59, 62–63 (Tex.Crim.App. 2001); *Johnson*, 234 S.W.3d at 56. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett,* 65 S.W.3d at 63; *Johnson*, 234 S.W.3d at 56. Claims of ineffective assistance must be proven by a preponderance of the evidence. *Bone v. State,* 77 S.W.3d 828, 836 (Tex.Crim.App. 2002). A failure to make either of the required showings of deficient performance and sufficient prejudice defeats an appellant's claim of ineffective assistance. *Rylander v. State,* 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). We look "to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Further, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Id.*

*Analysis*

When analyzing an ineffective assistance of counsel claim, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [appellant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, *quoting Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). "To defeat the presumption of reasonable professional assistance, 'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Thompson,* 9 S.W.3d at 814, *quoting McFarland v.*

5

*State,* 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). Typically, however, "the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland.*" *Thompson,* 9 S.W.3d at 814 n.6. Without evidence in the record of the attorney's reasons for his conduct, the presumption that an attorney's actions were sound trial strategy ordinarily cannot be overcome. *See Jackson*, 877 S.W.2d at 771. Appellant "must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission" to show ineffective assistance of counsel on direct appeal. *Bone,* 77 S.W.3d at 836.

In Issue Two, Appellant complains that trial counsel failed to object to the hearsay testimony of Officer Robert Sherrouse regarding IL's description to him of the assailant and the assailant's genitals, genital area, and clothing. In Issue Three, Appellant asserts his trial counsel erred in eliciting and failing to object to testimony regarding Appellant's invocation of his right to counsel after Appellant was asked to provide police with a written statement. Appellant's assertions are unsupported by any evidence in the record showing counsel's reasons for his conduct. Therefore, Appellant has not overcome the presumption that trial counsel's actions constituted sound trial strategy. *See Jackson*, 877 S.W.2d at 771. Because Appellant has failed to satisfy the first *Strickland* prong, Issues Two and Three are overruled. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

## CONCLUSION

The trial court's judgment is affirmed.


July 30, 2014                                            GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

6